BROOKS ELLISON
State Bar No. 122705
PATRICK J. WHALEN
State Bar No. 173489
THE LAW OFFICES OF BROOKS ELLISON
1725 Capitol Ave.
Sacramento, CA 95811
Telephone: (916) 448-2187
Facsimile: (916) 448-5346
E-mail: attorneys@ellisonlawoffices.com

Attorneys for Plaintiff
California Dump Truck Owners Association

UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION<br><br>            Plaintiff,<br>    vs.<br><br>MARY D. NICHOLS, Chairperson of the California Air Resources Board; JAMES GOLDSTENE, Executive Officer of the California Air Resources Board; and DOES 1-50<br><br>            Defendants.<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>            Defendant-Intervenor | Case No.  2:11-CV-00384-MCE-GGH<br><br>**JOINT STATUS REPORT** |

    In this case, plaintiff contends that a regulation promulgated by defendants is preempted by federal law.  Specifically, plaintiff contends that 13 CCR § 2025, which requires diesel vehicles to either replace or retrofit their engines on a specified schedule, is preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") codified at 49 U.S.C. § 14501 et seq.  FAAAA prohibits any state or any political subdivision thereof from enacting or

enforcing any law or regulation related to the price, route, or service of a motor carrier, and compliance with 13 CCR § 2025 will cost substantial amounts of money, thereby impacting the price, route, or service of plaintiff's members.  Accordingly, plaintiff is seeking declaratory and injunctive relief.  Defendants Mary D. Nichols, Chairperson of the State Air Resources Board and James Goldstene, Executive Officer of the State Air Resources Board; and Defendant-Intervenor Natural Resources Defense Council, Inc., (collectively, Defendants) disagree with these contentions.

Plaintiff has completed service of process, and Defendants have filed answers to the complaint. The parties do not anticipate the joinder of any additional parties, nor are any further amendments to the pleadings anticipated.

The statutory basis for jurisdiction of this action is 28 U.S.C. §§1331 and 2201, since this case arises under the Constitution, laws, or treaties of the United States and plaintiff is seeking declaratory and equitable relief.  Venue is appropriate in this district pursuant to 28 U.S.C. §1391, because the State Air Resources Board resides in, is found within, and transacts its affairs within this judicial district.  In addition, the promulgation of the preempted regulations occurred within this district.

Plaintiff contends the issue is largely, if not entirely legal in nature and intends to file a motion for summary judgment within 30 days.  Defendants, not having seen plaintiff's motion, have not reached a conclusion on the issue of whether the issues are legal, factual, or both. Therefore, Defendants reserve their right to conduct discovery to the extent necessary prior to filing their opposition briefs to the motion for summary judgment.

Accordingly, the parties propose the following schedule for the efficient litigation of this case.

(a) Plaintiff will file a motion for summary judgment on or before July 5, 2011.

(b) Defendants, upon review of the motion and supporting documentation, will determine whether any of them believe any discovery is required and will notify the Court and Plaintiff within 30 days as to whether any of them intend to conduct discovery.

(c)(1) If any of the Defendants indicate that it does intend to conduct discovery, this discovery shall be completed and Defendants' opposition briefs shall be due within 120 days

Joint Status Report

after Plaintiff's motion for summary judgment is filed.  However, Defendants each reserve the right to move the Court for an order giving them additional time to conduct discovery, pursuant to Federal Rules of Civil Procedure, Rule 56(d). The parties will meet and confer in an attempt to expedite discovery and resolve any discovery disputes.

The topics of discovery may include, but are not limited to, the cost of complying with the subject regulations and the impact of the regulations on motor carriers' prices, routes, and services.

(c)(2) If none of the Defendants indicate that they intend to conduct discovery, then Defendants' opposition briefs shall be filed within 70 days after Plaintiff's motion for summary judgment is filed.

(d) Plaintiff will file a single reply within 14 days of service of the opposition filed last in time.

(e) The parties will set the motion for summary judgment for oral argument after briefing is completed.

If Plaintiff's motion for summary judgment does not resolve the entire case, the litigation shall proceed to either other dispositive motions or trial.  The parties have been able to agree on an orderly way of proceeding, but some disagreement remains on the time necessary to conduct discovery.

Non-Expert Initial Disclosures:  The parties agree that initial disclosures under Federal Rules of Civil Procedure, Rule 26(a)(1), shall be filed, within 21 days after this Court's ruling on Plaintiff's motion for summary judgment.

Non-Expert Discovery:  For non-expert discovery, the plaintiff proposes that it be completed six months after this Court's ruling on Plaintiff's motion for summary judgment; the defendants .propose that it be completed 1 year after this Court's ruling on Plaintiff's motion for summary judgment.

Interrogatories:  The parties agree that the number of interrogatories shall be expanded such that Plaintiff and Defendants each have up to 75 interrogatories.

Experts Initial Disclosures:  For expert initial disclosures under Federal Rules of Civil Procedure, Rule 26(a)(2), the plaintiff proposes that they shall be due six months after this

Joint Status Report

Court's ruling on Plaintiff's motion for summary judgment; the defendants propose that they shall be due 1 year after this Court's ruling on Plaintiff's motion for summary judgment.  The parties agree that rebuttal expert disclosures shall be due 2 months after the initial disclosures.

Expert Discovery:   The parties agree that expert discovery shall be completed within 4 months after the initial expert disclosures are due.

Discovery motions shall be completed no later than 4 months after the initial expert disclosures are due.

A final pretrial conference shall be held 6 months after the initial expert disclosures are due.

Trial shall be held 7 months after the initial expert disclosures are due, and the parties estimate that it will last 7 days.

Defendant NRDC notes that *American Trucking Association v. City of Los Angeles* (Case No. No. 10-56465), a case addressing preemption under the FAAAA but which does not meet the definition of a "related case," is presently pending in the Ninth Circuit Court of Appeals.

In addition, because the parties have a disagreement on the law and desire resolution of that disagreement, a settlement is unlikely. Accordingly, the parties do not believe that a settlement conference would be useful.

Joint Status Report

Dated: June 7, 2011

/s/ Patrick J. Whalen

PATRICK J. WHALEN

Attorneys for Plaintiff
CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION

Dated: June 7, 2011

/s/ Patrick J. Whalen for

NICHOLAS STERN
Deputy Attorney General
*Attorneys for Defendants Mary D. Nichols, Chairperson of the California Air Resources Board, and James Goldstene, Executive Officer of the California Air Resources Board*

Dated: June 7, 2011

/s/ Patrick J. Whalen for

David Pettit

Attorney for Defendant-Intervenor NRDC

Joint Status Report