KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SARA J. RUSSELL, State Bar No. 84704
Supervising Deputy Attorney General
NICHOLAS STERN, State Bar No. 148308
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-3840
 Fax: (916) 327-2319
 E-mail: Nicholas.Stern@doj.ca.gov
*Attorneys for Defendant
Mary D. Nichols, Chairperson of the California Air
Resources Board, and James Goldstene, Executive
Officer of the California Air Resources Boar*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION,**<br><br>Plaintiff,<br><br>v.<br><br>**MARY D. NICHOLS, Chairperson of the California Air Resources Board, and JAMES GOLDSTENE, Executive Officer of the California Air Resources Board,**<br><br>Defendants,<br><br>**NATURAL RESOURCES DEFENSE COUNCIL, INC.,**<br><br>Defendants-Intervenors. | 2:11-CV-00384-MCE-GGH<br><br>**OBJECTIONS TO EVIDENCE**<br><br>Date:     January 26, 2012<br>Time:     2:00 p.m.<br>Courtroom: 7<br>Judge     Honorable Morrison C. England, Jr.<br>Trial Date   June 3, 2013<br>Action Filed: February 11, 2011 |

Defendants Mary D. Nichols, Chairperson of the California Air Resources Board, and

James Goldstene, Executive Officer of the California Air Resources Board, (collectively, the

Board) hereby object to the following evidence presented by plaintiff California Dump Truck

1

Owners Association (Association) in connection with the Association's motion for summary judgment:

### Recupido Declaration (Doc. 34-2)

**Evidence:** Declaration of Fred Recupido in Support of Motion for Summary Judgment (Recupido Declaration), 3:2-8: "First, due arguably to the CARB rules, the values of my trucks were artificially cut in half because they would have to be retrofitted at a unit cost of about $16,700 each sometime in the near future. Second, because the trucks were no longer marketable in California, the values of the trucks had dropped by more than half of what they otherwise would be, or to about $8,000 versus a historical valuation of about $17,000. I have undoubtedly personally suffered financially from this and the entire truck value and investment paradigm has changed for me."

**Objection:** This evidence is objected to on the ground that it is speculative, it lacks foundation, and it is an improper opinion by a lay witness. Fed. R. Evid. 602, 701.

**Evidence:** Recupido Declaration, 3:27 – 4:1: "Presently, there is virtually no flexibility to raise trucking rates to cover any additional operating costs …."

**Objection:** This evidence is objected to on the ground that it is speculative, it lacks foundation, and it is an improper opinion by a lay witness. Fed. R. Evid. 602, 701.

**Evidence:** Recupido Declaration, 4:25-27: "If in fact I was forced to raise my rates by any percentage, I believe that I would not have been able to obtain any work at all and would likely face bankruptcy."

**Objection:** This evidence is objected to on the ground that it is speculative, it lacks foundation, and it is an improper opinion by a lay witness. Fed. R. Evid. 602, 701.

**Evidence:** Recupido Declaration, 5:10-20: "Had I chosen to retrofit or replace my trucks early under the options CARB provided, I can honestly say that I would be out of business within the first compliance year (2012). The CARB regulation would have forced me to raise the prices I charge for dump truck services in order to break even on my investments. I would not have been able to competitively bid for jobs against smaller owner-operators who are not required to bring their trucks into compliance as quickly as I would have been required to do for my fleet. Since I

1 would inevitably have won fewer jobs, I would not be able to service the debt on my trucks. The
2 higher prices would have led to the demise of my business as there is no way today to operate
3 profitably under any additional cost burdens. Due to this "catch 22" scenario, I had no choice
4 other than to change my business model.

5 **Objection:** Mr. Recupido does not qualify as an expert witness, and he does not lay a
6 foundation for his analysis of how the Truck and Bus Rule at issue will affect him as compared to
7 smaller owner-operators. Therefore, this evidence is objected to on the ground that it is
8 speculative, it lacks foundation, and it is an improper opinion by a lay witness. Fed. R. Evid. 602,
9 701.

10 <center>**Brown Declaration (Doc. 34-3)**</center>

11 **Evidence:** Declaration of Lee Brown in Support of Motion for Summary Judgment
12 (Brown Declaration), 3:10-11 and 3:20-22:

> Most CDTOA members at this time do not have the financial resources to
> purchase and install retrofit technology for their trucks, and will likely
> lose their business. . . . Due to this economic dilemma, virtually no
> trucking company now makes enough profit to afford to purchase these
> retrofit devices nor can they pay to buy a new $150,000 truck even with
> heavy subsidies or grants.

17 **Objection:** Mr. Brown does not have personal knowledge of the data or other bases for his
18 conclusions. (In fact, during discovery, the Board requested information about the financial
19 resources of the Association's members, but the Association objected and responded that it did
20 not have such information.) This evidence is objected to on the ground that it is speculative, it
21 lacks foundation, and it is an improper opinion by a lay witness. Fed. R. Evid. 602, 701.

22 **Evidence:** Brown Declaration, 3:23-28 and 3:29 – 4:3:

> Anecdotal stories now abound within the industry and from members
> related to retrofit and new engine technology that contributes to a variety
> of problems for those who have chosen this early compliance path. There
> are many stories shared at meetings, through blogs and publications
> which suggest that these devices contribute to engines becoming less
> reliable and less efficient. In some instances, the truck engine becomes
> less efficient (8% verified by most fleet owners) from a mileage
> perspective. . . . Other stories relate that the DPF equipment forces the
> engines to shut down as they can no longer run for long periods of time

1 | because they require the DPF or filter cleanings, and additionally they are prone to more electrical and mechanical breakdowns.

**Objection:** This evidence is objected to on the ground that it is hearsay. Fed. R. Evid. 802.

**Evidence:** Brown Declaration, 4:4-19: This paragraph of the declaration summarizes and quotes from an article in "Caltrux," an industry magazine.

**Objection:** This evidence is objected to on the ground that it is hearsay. Fed. R. Evid. 802.

**Evidence:** Brown Declaration, 4:20 – 5:26: These paragraphs purport to describe how the Truck and Bus Rule will affect the Association's members.

**Objection:** Mr. Brown does not qualify as an expert witness, and he does not lay a foundation for his analysis of how the Truck and Bus Rule at issue will affect the Association's members. Therefore, this evidence is objected to on the ground that it is speculative, it lacks foundation, and it is an improper opinion by a lay witness. Fed. R. Evid. 602, 701.

**Evidence:** Brown Declaration, 5:27 – 6:2:

> I have also spoken to many other members in and around the Lake Tahoe region that believes that they may move some or all of their trucking operations to Nevada because of this regulation and the many others they are subject to here in California. Thus, they suggest they would have to service many areas of California from Nevada and clearly the routes they utilize will be significantly affected.

**Objection:** This evidence is objected to on the ground that it is hearsay. Fed. R. Evid. 802.

### Pocock Declaration (Doc. 34-4)

**Evidence:** Declaration of Jay Pocock in Support of Motion for Summary Judgment (Pocock Decl.), 2:22-24: "My discovery that the converse is true reinforces my belief that the filtering technology required to make trucks compliant with the Truck and Bus Regulation results in decreased fuel efficiency."

**Objection:** This evidence is objected to on the ground that it is an improper opinion by a lay witness. Fed. R. Evid. 701.

**Evidence:** Pocock Decl., 2:25-27: "My 2009 truck engine with a diesel particulate filter has also completely shut down while I have been driving it, due to an excess buildup of heat and pressure from the filter unit."

1  **Objection:** This evidence is objected to on the ground that it is an improper opinion by a
2  lay witness. Fed. R. Evid. 701.

### McClernon Declaration (Doc. 34-5)

**Evidence:** Declaration of Robert McClernon in Support of Motion for Summary Judgment (McClernon Declaration), 4:6-9:

> In 2004, CARB adopted a mandatory software update known as a "chip reflash" for affected heavy-duty diesel engines. I fully complied with this requirement at a substantial cost to my business. In 2006, a California Superior Court struck down these chip reflash regulations. I was never re-compensated for the costs of CARB's illegal regulation.

**Objection:** Irrelevant. Fed. R. Evid. 402.

**Evidence:** McClernon Declaration, 4:16-17: "the day CARB viciously announced the Diesel Regulations . . . ."

**Objection:** Mr. McClernon provides no basis for stating that the Board's announcement was made "viciously." This evidence is objected to on the ground that it lacks foundation, and it is an improper opinion by a lay witness. Fed. R. Evid. 602, 701.

**Evidence:** McClernon Declaration, 4:23-25: "Such an investment would require me to raise my truck rates by at least 100% as I would have to recoup the costs of equipment purchases within a five year period -the financing period, if finance funding was even available."

**Objection:** This evidence is objected to on the ground that it lacks foundation, and it is an improper opinion by a lay witness. Fed. R. Evid. 602, 701.

**Evidence:** McClernon Declaration, 4:26-27: "Also because the competition is so severe, again very little construction is happening because environmental regulations have halted all major growth in the state, there is little to no work."

**Objection:** This evidence is objected to on the ground that it lacks foundation, and it is an improper opinion by a lay witness. Fed. R. Evid. 602, 701.

| | |
|---|---|
| Dated: December 22, 2011 | Respectfully submitted, <br><br> KAMALA D. HARRIS <br> Attorney General of California <br> SARA J. RUSSELL <br> Supervising Deputy Attorney General <br><br><br> */s/ Nicholas Stern* <br> NICHOLAS STERN <br> Deputy Attorney General <br> *Attorneys for Defendant* |

SA2011300613
10799927.doc