BROOKS ELLISON
State Bar No. 122705
PATRICK J. WHALEN
State Bar No. 173489
THE LAW OFFICES OF BROOKS ELLISON
1725 Capitol Ave.
Sacramento, CA 95811
Telephone: (916) 448-2187
Facsimile: (916) 448-5346
E-mail: attorneys@ellisonlawoffices.com

Attorneys for Plaintiff
California Dump Truck Owners Association

UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>MARY D. NICHOLS, Chairperson of the California Air Resources Board; JAMES GOLDSTENE, Executive Officer of the California Air Resources Board; and DOES 1-50<br><br>　　　　　Defendants,<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>　　　　　Defendant-Intervenor | Case No.  2:11-CV-00384-MCE-GGH<br><br>**RESPONSE TO EVIDENTIARY OBJECTIONS**<br><br><br>Date:　　　　January  26, 2012<br>Time:　　　　2:00 p.m.<br>Courtroom.:　7 |

　　　　Defendants Nichols and Goldstene along with defendant-intervenor NRDC raise a

number of evidentiary objections to the various declarations submitted by CDTOA in support of

1

its motion. In the interest of being concise, this response will attempt to address the objections jointly.

As to the Declaration of Lee Brown, the vast majority of the objections assert a lack of personal knowledge or an improper lay opinion. Lee Brown has been in the construction trucking business for more than 22 years. He has interacted with thousands of participants in the industry, and as Executive Director of CDTOA, is has been his job not only to be aware of what is impacting the industry, but to educate others. He does have personal knowledge of the facts set forth in his declaration, and he has the necessary expertise to render opinions about the industry.

As to the Declaration of Fred Recupido, objections based on speculation, foundation, and improper lay opinion are raised. However to the extent Mr. Recupido was stating facts within his personal knowledge about the economic conditions facing his own business, he has sufficient personal knowledge to state those facts, and they are not speculative, they do not lack foundation, and they are not based on an improper opinion. He has been in the construction trucking business for more than 40 years, and grew his business from a one-truck operation to a fleet of 16 trucks. He knows how the business works, knows how to run a successful business, and is sufficiently competent to state facts as to the economic impact certain conditions will have on his trucking business. NRDC also objected to Mr. Recupido's declaration because it describes actions taken in response to an earlier version of the regulation at issue. On this basis, they argue the statements are irrelevant. However, the amendments to the regulation merely delay the compliance requirements, they do not abolish them. Thus, the statements about the impact of the rule on Mr. Recupido's business are still accurate; the only difference is that with the amendments, it will take slightly longer for the rule to have its maximum effect. Accordingly, the relevancy objection should be overruled.

As to the Declaration or Rob McClernon, relevancy objections are raised to Mr. McClernon's description of his prior experience with a CARB-mandated retrofit. Mr. McClernon's testimony is directly relevant to CDTOA's argument that being compelled to purchase and install retrofit equipment based on a rule that is subsequently declared invalid

Response to Evidentiary Objections

1 results in capital investment that can never be recouped. In addition, various statements about
2 Mr. McClernon' assessment of his own business are objected to based on foundation and
3 improper lay opinion. He has been in the construction trucking business for more than 34 years.
4 He knows how the business works, knows how to run a successful business, and is sufficiently
5 competent to state facts as to the economic impact certain conditions will have on his trucking
6 business.

7 As to the declaration of Jay Pocock, several objections are raised based on improper lay
8 opinion. However, he has been in the business of construction trucking sales for 25 years, and
9 has personal knowledge of the facts he states, as well as sufficient experience to render opinions
10 on the subject matter of his business.

11 Accordingly, the evidentiary objections raised should be overruled.

THE LAW OFFICES OF BROOKS ELLISON

Dated: January 12, 2012

/s/ Patrick J. Whalen

PATRICK J. WHALEN

Attorneys for Plaintiff
CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION

3

Response to Evidentiary Objections