UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DUMP TRUCK OWNERS ASSOC.,     No. 2:11-cv-00384-MCE-GGH

        Plaintiff,        <u>ORDER</u>

   v.

MARY D. NICHOLS, et al.,

        Defendants.

----oo0oo----

The Court is in receipt of the Notice of Supplemental Authority (ECF No. 59) filed Thursday, May 24, 2012, by Defendant-Intervenor Natural Resources Defense Council, Inc. ("NRDC"). NRDC submitted for the Court's review the decision of the United States Environmental Protection Agency ("EPA") approving California's inclusion of the Regulation to Reduce Emissions of Diesel Particulate Matter, Oxides of Nitrogen and Other Criteria Pollutants, from In-Use Heavy-Duty Diesel-Fueled Vehicles ("Truck and Bus Regulation"), 13 Cal. Code Reg. § 2025, within its State Implementation Plan ("SIP").

See Final Rule, Approval and Promulgation of Implementation Plans, 77 Fed. Reg. 20308-01 (April 4, 2012) (to be codified at 40 C.F.R. pt. 52).  At the time the parties filed their papers, the EPA decision was still pending.  Now that an agency decision has been rendered, the Court deems it necessary to order further briefing regarding what effect the EPA's above approval will have on the parties' positions in this case.  See, e.g., Association of American Railroads v. South Coast Air Quality Management Dist., 622 F.2d 1094, 1098 (9th Cir. 2010) ("Once approved by EPA, state implementation plans have the force and effect of federal law.") (internal citations and quotations omitted).[1]

Accordingly, briefing shall be as follows:

1.  Not later than **Thursday, June 14, 2012,** Defendants and NRDC shall file Supplemental Briefs, not to exceed ten (10) pages each, addressing how the EPA decision cited above impacts this case;

2.  Not later than **Thursday, June 28, 2012,** Plaintiff shall file a Supplemental Opposition, not to exceed fifteen (15) pages;

///
///
///
///
///

---

[1] For example, if the Truck and Bus Regulation is now federally enforceable, it is unclear to the Court how there remains any conflict between state and federal law.  Stated another way, it is not obvious on the current record how a claim based on the Supremacy Clause can survive when, during the course of litigation, the challenged state law is ultimately given the "force and effect of federal law."

2

3.  Not later than **Thursday, July 5, 2012**, NRDC and the ARB shall file Replies, not to exceed five (5) pages each; and

4.  Not later than **Thursday, July 12, 2012**, Plaintiff shall file any Sur-Reply, not to exceed five (5) pages.

IT IS SO ORDERED.

Dated: May 30, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE