UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DUMP TRUCK OWNERS
ASSOC.,

        Plaintiff,

   v.

MARY D. NICHOLS, et al.,

        Defendants.

NO. 2:11-CV-00384-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

    Currently pending before the Court are Cross-Motions for Summary Judgment filed by Plaintiff California Dump Truck Owners Association ("Plaintiff"), Defendants Mary D. Nichols and James Goldstene (collectively, "ARB") and Intervenor-Defendant Natural Resources Defense Council, Inc. ("NRDC"), regarding Plaintiff's claim that California's Regulation to Reduce Emissions of Diesel Particulate Matter, Oxides of Nitrogen and Other Criteria Pollutants, from In-Use Heavy-Duty Diesel-Fueled Vehicles ("Truck and Bus Regulation"), 13 Cal. Code Reg. § 2025, is preempted by federal law.  On May 31, 2012, this Court ordered further briefing on the impact a recent United States Environmental Protection Agency ("EPA") decision had this case.

1

Briefing is now complete, and, having reviewed the parties' papers, the Court has determined oral argument is necessary. Accordingly, this matter is set for hearing on **Thursday, August 9, 2012, at 2:00 p.m.** in Courtroom 7.  At the hearing, the parties should be prepared to discuss whether:

(1) this Court can grant Plaintiff's requested relief under the Supremacy Clause when the underlying federal preemption provision expressly preempts only state law and the challenged state law has now been approved by a federal agency;

(2) this Court should undertake to harmonize a federal statute and an arguably federalized state regulation when Plaintiff has not alleged any conflict between either a state and federal law or between two federal laws; and

(3) assuming a Supremacy Clause claim can proceed under the facts of this case, any judgment of this Court granting Plaintiff's requested relief will redress Plaintiff's actual injury given the EPA's independent approval of the Truck and Bus Regulation as a federally enforceable part of California's SIP (e.g., whether the EPA will be bound by a decision of this Court holding the Truck and Bus Regulation is preempted and, if not, whether the EPA could continue to pursue enforcement of the requirements of the existing SIP despite California's potential inability to enforce its own Regulation).

///

2

In the meantime, not later than **4:00 p.m. on Thursday August 2, 2012,** the parties are directed to file additional supplemental briefing, not to exceed ten (10) pages, on the question of whether the EPA is a necessary, and perhaps indispensable, party to the instant dispute.

    IT IS SO ORDERED.

Dated: July 18, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE