BROOKS ELLISON
State Bar No. 122705
PATRICK J. WHALEN
State Bar No. 173489
THE LAW OFFICES OF BROOKS ELLISON
1725 Capitol Ave.
Sacramento, CA 95811
Telephone: (916) 448-2187
Facsimile: (916) 448-5346
E-mail: attorneys@ellisonlawoffices.com

Attorneys for Plaintiff
California Dump Truck Owners Association

UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION<br><br>            Plaintiff,<br>    vs.<br><br>MARY D. NICHOLS, Chairperson of the California Air Resources Board; JAMES GOLDSTENE, Executive Officer of the California Air Resources Board; and DOES 1-50<br><br>            Defendants,<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>            Defendant-Intervenor | Case No.  2:11-CV-00384-MCE-GGH<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF**<br><br><br>Dept.        7<br>Judge.       Hon. Morrison C. England, Jr. |

# I. INTRODUCTION

By order filed on July 19, 2012, this Court directed the parties to submit additional supplemental briefing addressing "whether the EPA is a necessary, and perhaps indispensable party to the instant dispute." As explained herein, Plaintiff CDTOA respectfully submits EPA is not a required party to this dispute.

The analysis must begin with a proper understanding of the single claim at issue in this case. As alleged in the amended complaint, CDTOA argues that "[t]he Truck and Bus Regulation promulgated by ARB directly impacts the price, route, and service of the motor carrier members of CDTOA, and is therefore preempted by federal law pursuant to the supremacy clause of Article VI of the United States Constitution." Specifically, the FAAAA codified at 49 U.S.C. § 14501 et seq. prohibits any state or any political subdivision thereof from enacting or enforcing any law or regulation related to the price, route, or service of a motor carrier. See Amended Complaint, Dkt. # 12, p. 4.

As should be plain, the sole count in the complaint concerns the rule "promulgated by ARB," and not any other rule promulgated by any other agency. With this context in mind, it is useful to identify the applicable standard for assessing whether parties are required to be joined to a pending action. Federal Rule of Civil Procedure 19(a) provides as follows:

> **(a) Persons Required to Be Joined if Feasible.**
>
> **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Plaintiff's Supplemental Brief

1

**(2) *Joinder by Court Order.*** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

**(3) *Venue.*** If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

It is worth noting that the Advisory Committee notes to Rule 19 explain that prior to the 1966 amendment, the use of the phrase "indispensable" created potential confusion because it might suggest that there were other interested parties, not quite "indispensable" that might require either joinder or dismissal. The current version of the rule dispenses with the phrase "indispensable" because it distracted attention from the pragmatic considerations which should be controlling. Nevertheless, the amendments to the rule did not change the underlying principles. See *Provident Tradesmens Bank and Trust Co. v. Patterson*, 390 U.S. 102, 117, fn. 12 (1968). As one court explained, the amendments to the rule "ameliorates the old 'indispensable party' concept as a jurisdictional immutable and permits actions to proceed in the absence of desirable parties to a practical extent." *Associated General Contractors of America, Inc. v. Laborers International Union of North America*, 476 F.2d 1388, 1406 (Em.App. 1973).

One of the primary purposes of Rule 19 is the "avoidance of multiple litigation of *essentially the same issues*." *Schutten v. Shell Oil Co*., 421 F.2d 869, 874 (5ht Cir. 1970), emphasis added. In this case, there is little danger of repeated litigation of the same issues. This action challenges the validity of a state regulation in light of federal law that preempts such regulations. EPA has no cognizable interest in that discrete question. Their interest lies in defending any attacks on EPA's approval of a SIP, which this action simply does not raise. Put another way, if plaintiff is successful in this action, the EPA approval will not be altered in any way; the status of this SIP approval will be unchanged. Thus, there is no compelling interest that would make them required parties under Rule 19. Any issue that plaintiff might have with the SIP approval is a different issue than the one before this court. Moreover, any adjudication by this Court in this case will necessarily not be binding on EPA, because their approval of the SIP

Plaintiff's Supplemental Brief

was not raised by plaintiff and plaintiff is not seeking in this forum any adjudication relating to the SIP.

As a practical matter, it may well be the case that striking down the state regulation does not afford plaintiffs complete immunity from federal enforcement, because despite that success there would still be a SIP in place that could be federally enforced even if the state regulators could not enforce the state regulation. But the mere fact that there may be two different laws burdening the businesses of California – one state, and one federal – does not mean that they necessarily must be litigated together. Moreover, being shielded against regulation by the state – the entire purpose behind the FAAAA – is itself a victory because it is consistent with Congress' intent to protect motor carriers from precisely this kind of economic burden.

Moreover, as Defendant-Intervener NRDC noted in earlier briefing, challenging EPA's approval of a SIP is subject to carefully prescribed procedures. See NRDC Supp. Brf, Dkt. # 63, p. 3. Specifically, pursuant to 42 U.S.C. §7407(b), a petition for review of a statewide implementation plan must be filed in the United States Court of Appeals for the appropriate circuit. This is significant because even if plaintiff chose to challenge the SIP approval, such a challenge could not be heard in this Court, as Congress has conferred original jurisdiction for such cases on the appellate courts. In addition, any challenge to the approval of the SIP may be based on theories quite distinct from the Supremacy Clause challenge raised in this proceeding. There may be challenges to the APA-like procedures that EPA was required to follow that have little or nothing to do with the preemption issue raised in this action. Thus, it would be inappropriate to attempt to adjudicate those issues in this limited declaratory relief action.

In an analogous context, one federal court observed that in such circumstances, it would be inappropriate to deny declaratory relief. In *Eagle-Picher Industries, Inc. v. Liberty Mutual Insurance Co*., 682 F.2d 12 (1st Cir. 1982), the court analyzed whether nonparty secondary insurers were required to be joined to ongoing asbestos litigation. Id. at 16. It was uncertain whether liability under the excess coverage policies would ever be triggered, but in any event, the court concluded that "our disposition of this case cannot be legally binding on non-parties . . .

3

Plaintiff's Supplemental Brief

Declaratory relief here will resolve the present controversy, and leave potential conflicts with the other insurers for another time."

This Court should approach the present controversy similarly. While it is theoretically possible that plaintiff may challenge the approval of the SIP, that challenge will necessarily be in a different forum, and may be based on similar or different grounds. But it is enough for present purposes that such future litigation is speculative. This Court should adjudicate the precise controversy before it, and leave for another time any other related potential conflicts.

Applying the factors enumerated in Rule 19 leads to the conclusion that EPA is not a required party to this action. First, this Court can accord complete relief among the current parties without EPA's participation. To understand why this is so, it must be kept in mind that "complete relief" does not mean resolution of all potential issues that plaintiff may face in the future, including a possible future challenge to EPA's SIP approval process. Quite the opposite, "[t]he focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1428 (8th Cir. 1994). The fact that plaintiff may in the future also desire to challenge the SIP does not change the fact that they are presently are definitely challenging the state regulation, which is an entirely different law promulgated by an entirely different administrative body.

The next two factors (Rule 19(a)(1)(B)(i) and (ii)) both require as a predicate that the absent party "claim[] an interest relating to the subject of the action. . . ." Plaintiff is unaware of EPA claiming any interest whatsoever in this action. Quite the opposite, it is the existing parties who have invoked the EPA's approval of the SIP as a relevant development; EPA apparently does not share their views. But even if EPA had claimed an interest, they would have to demonstrate that disposing of the action would either impede EPA's ability to protect its interest, or would expose an existing party to the risk of multiple or inconsistent obligations. Neither factor is present in this case.

As to EPA's ability to protect its interest, there is nothing this Court can do in resolving this case that will impact EPA's ability to enforce the SIP. Not only was the SIP never raised by

4

Plaintiff's Supplemental Brief

plaintiff in its complaint for declaratory relief, but this Court lacks jurisdiction to pass on issues related to the approval of a SIP.  Simply put, EPA's interests will not and cannot be affected by this litigation.  Under 42 U.S.C. § 7413, the EPA Administrator would still have the ability to initiate civil actions for violations of the SIP independent of this Court's ruling on the supremacy clause claim, because EPA would be enforcing the SIP, and not the state regulation.

      Nor is there any possibility that the existing parties will be subject to multiple or inconsistent obligations.  Defendant Nichols, as chair of the California Air Resources Board, might be precluded from enforcing the state regulation if plaintiff is successful.  But that preclusion would not in any way result in an inconsistent obligation, because to the extent Nichols still has to comply with the recently approved SIP, that compliance would be done pursuant to a different authority, specifically the EPA approved SIP, and not 13 CCR §2025, the state regulation challenged in this case.  In other words, if plaintiff is successful, the state defendants will not have any difficult choices whatsoever; they can simply not enforce the state regulation, but carry out whatever obligations are required under federal law.  Similarly, if plaintiff is unsuccessful, there will be no conflict for the state defendants to resolve.

      Thus, none of the factors in Rule 19 militate in favor of finding that EPA is a required party to this action.  Accordingly, this court should not find that EPA should be joined to this action.

Dated: August 2, 2012

THE LAW OFFICES OF BROOKS ELLISON

/s/ Patrick J. Whalen

PATRICK J. WHALEN

Attorneys for Plaintiff
CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION

5

Plaintiff's Supplemental Brief